ROSE VILLANI et al., Respondents, *v.* THE NATIONAL CITY BANK OF NEW YORK, Appellant.

(Argued January 22, 1934; decided February 27, 1934.)

*David S. Konheim* and *William Lurie* for appellant. Any transactions between the plaintiff and the teller occurred off the premises of the bank; the teller had no authority to act for the bank off its premises; any moneys that were turned over to the teller by the plaintiff were turned over to him as the agent of the plaintiff, and inasmuch as the moneys never reached the bank, the loss must be sustained by the plaintiff and not by the defendant. (*Fidelity & Deposit Co. of Maryland* v. *Colby,* 148 App. Div. 363; 210 N. Y. 584.)

*Ira H. Ruben* for respondents. The teller never acted for the plaintiff in any capacity at any time but was the duly accredited receiving and paying teller of the bank. (*Buchanan* v. *Belsey,* 65 App. Div. 58; *Bagley* v. *Smith,* 10 N. Y. 489; *Priebe* v. *Kellogg Bridge Co.,* 77 N. Y. 597; *Hoffman* v. *Ætna Fire Ins. Co.,* 19 Abb. Pr. 325; 32 N. Y. 405; *Continental Nat. Bank* v. *Trademan's Nat. Bank,* 173 N. Y. 272; *Tapley* v. *N. Y. Dock Ry. Co.,* 199 App. Div. 664; 234 N. Y. 570; *Morehouse* v. *Yeager,* 71 N. Y. 594.)

*Per Curiam.* This is an action brought by plaintiffs to recover a deposit alleged to have been made in the Williamsburg branch of the Bank of America National Association, which bank was later absorbed by merger with the defendant National City Bank of New York.

Certain funds were delivered by the plaintiff Rose Villani to one Lupis, a teller in the bank. The funds were not received by the bank but were fraudulently appropriated by Lupis. Plaintiffs contend that the funds were delivered to Lupis at the bank upon his representation that the bank would pay ten per cent interest on the deposit if left with the bank for one year. The defendant contends that the whole transaction took place outside the bank and was a personal transaction between Lupis and the plaintiff Rose, not binding on the bank.

At the close of the main charge, defendant's counsel requested the court to submit that question to the jury. The request was refused and the court stated that there was no evidence in the record that any transaction took place outside of the bank. Defendant's counsel duly excepted. The statement and refusal to charge constituted reversible error. If there was testimony that the transactions took place outside of the bank and the money was appropriated by Lupis, the defendant was entitled to have that question submitted to the jury. The record contains evidence which would have justified the jury in finding that the transactions or part of them took place outside the bank. (*Fidelity & Deposit Co* v. *Colby*, 148 App. Div. 363; affd., 210 N. Y. 584.)

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.